*355 OPINION.
GeeeN :
The petitioner claims as a deduction from its gross income, a loss of $31,058.54, which it is alleged was sustained during the taxable year 1920. It is a manufacturer of beds and springs. Due to the cancellation of its lease it was forced to secure new quarters. It was decided to purchase a plant and after an extensive search, it purchased, on September 2,1920, a tobacco warehouse which its officers thought would serve the petitioner’s purpose with but minor alterations. It paid $94,500 for the land and $245,500 for the building. It was estimated that the necessary alterations would cost about $15,000. Almost immediately after the purchase, however, it became apparent, after consulting an architect, that the remodeling would cost considerably more than had originally been estimated. The alterations were made at a cost of $129,465.21. During the course of remodeling, certain of the material contained in the warehouse when purchased, had to be scrapped. The reproduction cost new in 1920, less salvage and depreciation of such junked material, was $31,058.54. Testimony was introduced to show that the value of the building after the alterations had been completed, was no more than $307,000. The original cost of the building plus alterations amounted to $374,965.21, or $67,965.21 more than it was worth. The petitioner is not asking for a loss of the $67,965.21, but contends that it did sustain a loss in at least the amount of $31,058.54 representing certain brick, roofing, iron doors, screens, etc., of the old building, which had to be discarded.
The deduction is claimed under section 234(a) (4) of the Eevenue Act of 1918, which is as follows:
Sec. 234. (a) That in computing tlie net income of a corporation subject to tbe tax imposed by section 230 there shall be allowed as deductions:
*******
(4) Dosses sustained during the taxable year and not compensated for by insurance or otherwise.
In Appeal of Arthur S. Ingle, 1 B. T. A. 595, the taxpayer, in 1917 and 1918, purchased certain lands and buildings and later in 1918 wrecked the building intending to put up other buildings which would yield him' a greater return on his investment. After the buildings had been removed, business conditions over which the taxpayer. had no control compelled him to abandon for the time being *356 bis proposed plan of improving the property. It was held the taxpayer had not realized a loss within the meaning of the taxing statute. Compare Manning, Cognets & Graves v. Commissioner, 7 B. T. A. 286, and William Ward v. Commissioner, 7 B. T. A. 1107, wherein it was held that the unextinguished cost of buildings remodeled in order to obtain a lease upon the land represented the cost to the lessor of such lease.
The petitioner cites the cases of First National Banh of Evanston, Wyoming, 1 B. T. A. 9; Wigwam Amusement Co., 1 B. T. A. 335; Simmons & Hammond Manufacturing Co., 1 B. T. A. 803; Burnside Steel Co., 3 B. T. A. 20; Steinbach Co., 3 B. T. A. 348; Mandel Brothers, 4 B. T. A. 341; First National Bank of Goodland, Kansas, 5 B. T. A. 1174; and Treat Hardware Corporation v. Commissioner, 6 B. T. A. 768. In each of the foregoing cases where the unextin-guished cost of the building was allowed as a deduction, the taxpayer did the remodeling on premises which had been used in its business for several years prior to the year in which the reconstruction work was done. The petitioner at the time it acquired the tobacco warehouse, knew that it could not use such warehouse in its business until certain necessary alterations had been made. It knew at the time it purchased the building that some material would have to be’ discarded in making the alterations. To our minds it is immaterial that the actual alterations necessary were considerably greater than were in contemplation at the time of purchase. Their cost was a part of the cost incident to the acquisition of a new plant. We are of the opinion that the petitioner did not sustain any deductible loss on account of the materials discarded. The cost of the building to be capitalized on the petitioner’s book is the original purchase price of $245,500 plus the cost of alterations in the amount of $129,465.21, less salvage.
We are of the further opinion that even were the petitioner entitled to a loss of the discarded materials, it has not proven the proper basis upon which such loss could be determined.
In the instant case, the basis upon which the alleged loss is claimed is the reproduction cost new at 1920 market prices of the material' discarded less salvage and depreciation. The proper basis, even if the petitioner’s theory of a loss were correct, would have been the portion of the purchase price properly allocable to the demolished portion of the building.

Judgment will be entered for the respondent.

Considered by StehNhageN and AuuNdell.